**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAVID STUA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 9:26-CV-00419-MJT-CLS** |
| | § | |
| **ALBERT J. CHARANZA, JR. and DOUG CONN,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT ALBERT J. CHARANZA, JR.'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Lane A. Haygood, *pro hac vice*
Texas Bar No. 24066670
HAYGOOD LAW FIRM
620 N. Grant Ave., Suite 913
Odessa, Texas 79761
Telephone: (432) 279-0411
lane@haygoodlawfirm.com

**ATTORNEY FOR DEFENDANT ALBERT J. CHARANZA, JR.**

## TABLE OF CONTENTS


I. OVERVIEW ..... 1

A. Nature and Stage of the Proceedings ..... 1

II. STATEMENT OF THE ISSUES ..... 3

III. STANDARD OF REVIEW ..... 3

IV. ARGUMENT AND AUTHORITIES ..... 4

A. Every claim against Charanza is barred by *Heck v. Humphrey*. ..... 4

1. The *Heck* rule. ..... 4

2. Every theory Stua pleads against Charanza would invalidate his conviction. ..... 5

3. *Castillo v. Williams* is directly on point. ..... 6

4. The proper disposition. ..... 7

B. Stua's claims against Charanza are time barred. ..... 7

1. The § 1983 claim expired on June 10, 2024. ..... 7

2. The RICO claims are untimely, and one late act does not revive them. ..... 8

3. No tolling is pleaded or available. ..... 9

C. Charanza is not a state actor, and Stua pleads no facts showing a conspiracy with one. 9

1. Court-appointed defense counsel does not act under color of state law. ..... 9

2. The conspiracy exception requires an agreement, and none is pleaded. ..... 10

3. The *McCoy* theory does not survive a cursory review. ..... 11

D. Stua fails to plead a RICO claim under § 1962(c) or § 1962(d). .................................. 12

1. Stua pleads no cognizable predicate act. ........................................................... 12

2. Stua pleads no pattern of racketeering activity. ......................................................... 14

3. Stua pleads no enterprise. ......................................................................................... 15

4. Stua pleads no injury to business or property. ........................................................... 16

5. The § 1962(d) conspiracy claim fails with the substantive claim. ................................ 17

E. The request for declaratory relief fails with the underlying claims. ................................ 17

F. Leave to amend would be futile. ......................................................................... 18

V. CONCLUSION ......................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Abraham v. Singh*,

480 F.3d 351355 (5th Cir. 2007) ........ 15

*Agency Holding Corp. v. Malley-Duff & Assocs.*,

483 U.S. 143 (1987) ........ 8

*Ashcroft v. Iqbal*,

556 U.S. 662 (2009) ........ 4, 11

*Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007) ........ 3, 11

*Birl v. Estelle*,

660 F.2d 592 (5th Cir. 1981) ........ 4

*Boyle v. United States*,

556 U.S. 938 (2009) ........ 15

*Brewster v. Dretke*,

587 F.3d 764 (5th Cir. 2009) ........ 18

*Castillo v. Williams*,

No. MO-26-CV-00250-DC,

2026 U.S. Dist. LEXIS 187987 (W.D. Tex. Aug. 20, 2026) ........ 6, 7, 10

*Ciminelli v. United States*,

598 U.S. 306 (2023) ........ 13

*Cinel v. Connick*,

15 F.3d 1338 (5th Cir. 1994) .................................................................................... 11

*Clark v. Nat'l Equities Holdings, Inc.*,

561 F. Supp. 2d 632 (E.D. Tex. 2006) ........................................................................ 16

*Crosswell v. Martinez*,

120 F.4th 177 (5th Cir. 2024) ................................................................................ 15, 16

*Crowe v. Henry*,

43 F.3d 198 (5th Cir. 1995) ................................................................................ 12, 15, 16

*Delta Truck & Tractor, Inc. v. J.I. Case Co.*,

855 F.2d 241 (5th Cir. 1988) .................................................................................... 15

*Dennis v. Sparks*,

449 U.S. 24 (1980) .................................................................................................. 11

*Fernandez-Montes v. Allied Pilots Ass'n*,

987 F.2d 278 (5th Cir. 1993) ...................................................................................... 4

*Gonzalez v. Bank of Am.*,

No. H-10-1974,

2011 WL 13261985 (S.D. Tex. 2011) .......................................................................... 16

*Hainze v. Richards*,

207 F.3d 795 (5th Cir. 2000) ...................................................................................... 5

*Heck v. Humphrey*,

512 U.S. 477 (1994) ............................................................................................ passim

Id. ............................................................................................................................. 13

*In re Burzynski*,

989 F.2d 733 (5th Cir. 1993) ........ 15

*Jones v. Alcoa, Inc.*,

339 F.3d 359 (5th Cir. 2003) ........ 4

*Kelly v. United States*,

590 U.S. 391 (2020) ........ 13

*Klehr v. A.O. Smith Corp.*,

521 U.S. 179 (1997) ........ 9

*Lewis v. Danos*,

83 F.4th 948 (5th Cir. 2023) ........ 8, 14

*Limestone Dev. Corp. v. Village of Lemont*,

520 F.3d 797 (7th Cir. 2008) ........ 9

*Love v. Nat'l Med. Enters.*,

230 F.3d 765 (5th Cir. 2000) ........ 8

*Lugar v. Edmondson Oil Co.*,

457 U.S. 922 (1982) ........ 9

*McCoy v. Louisiana*,

584 U.S. 414 (2018) ........ 12

*Molina-Aranda v. Black Magic Enters., L.L.C.*,

983 F.3d 779 (5th Cir. 2020) ........ 14

*Nolen v. Nucentrix Broadband Networks Inc.*,

293 F.3d 926 (5th Cir. 2002) ........ 17

*Piotrowski v. City of Houston*,

237 F.3d 567 (5th Cir. 2001) .......... 7

*Polk County v. Dodson*,

454 U.S. 312 (1981) .......... 10

*Priester v. Lowndes County*,

354 F.3d 414 (5th Cir. 2004) .......... 11

*Randell v. Johnson*,

227 F.3d 300 (5th Cir. 2000) .......... 5, 7

*Rotella v. Wood*,

528 U.S. 549 (2000) .......... 8, 9

*Sekhar v. United States*,

570 U.S. 729 (2013) .......... 13

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*,

975 F.2d 1134 (5th Cir. 1992) .......... 14

*United States v. Classic*,

313 U.S. 299 (1941) .......... 9

*United States v. Onyeri*,

996 F.3d 274 (5th Cir. 2021) .......... 17

*United States v. Stephens*,

964 F.2d 424 (5th Cir. 1992) .......... 13

*Walker v. Beaumont Indep. Sch. Dist.*,

938 F.3d 724 (5th Cir. 2019) .......... 16

*Wallace v. Kato*,

549 U.S. 384 (2007) .......... 7

*Wells v. Bonner*,

45 F.3d 90 (5th Cir. 1995) .......... 7

*West v. Atkins*,

487 U.S. 42 (1988) .......... 9

*Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*,

90 F.3d 118 (5th Cir. 1996) .......... 15

*Zastrow v. Houston Auto Imports Greenway Ltd.*,

789 F.3d 553 (5th Cir. 2015) .......... 12, 15

**Statutes**

18 U.S.C. § 1341 .......... 13

18 U.S.C. § 1951 .......... 12

18 U.S.C. § 1961 .......... 12

18 U.S.C. § 1964 .......... 12, 16

42 U.S.C. § 1983 .......... passim

Texas Civil Practice & Remedies Code § 16.003 .......... 7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .......... 4

Federal Rule of Civil Procedure 9(b) .......... 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAVID STUA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 9:26-CV-00419-MJT-CLS** |
| | § | |
| **ALBERT J. CHARANZA, JR. and DOUG CONN,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT ALBERT J. CHARANZA, JR.'S MOTION TO DISMISS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE MICHAEL J. TRUNCALE, UNITED STATES DISTRICT JUDGE:

Defendant Albert J. Charanza, Jr. moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims asserted against him in Plaintiff's corrected Original Complaint (Dkt. 10), and respectfully shows the Court as follows:

## I. OVERVIEW

### A. Nature and Stage of the Proceedings

David Stua has sued his own criminal defense lawyer. Defendant Albert J. Charanza, Jr. was appointed by the 159th Judicial District Court of Angelina County to represent Stua on June 9, 2020, in the felony prosecution arising from Stua's December 13, 2018, arrest. Dkt. 10 ¶ 42. He was not Stua's first appointed lawyer; Stua alleges that he was "subjected to a prolonged period of systemic abandonment by prior defense counsel" before Charanza arrived. Id. ¶ 38.

On June 10, 2022, Stua pleaded guilty. *Id.* ¶¶ 52–54. He was convicted of aggravated perjury. He alleges that this conviction "permanently destroyed the Plaintiff's civil standing" and

subjects him to "the lifelong impeachment consequences of an aggravated perjury conviction." Id. ¶ 54. Nowhere in twenty-four pages does Stua allege that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. It has not been.

Stua filed this action on June 10, 2026—four years to the day after the plea he now attacks—and filed a corrected Original Complaint on July 13, 2026. Dkt. 10. Against Charanza he pleads three counts: a substantive RICO claim under 18 U.S.C. § 1962(c) (Count I); RICO conspiracy under § 1962(d) (Count II); and a § 1983 conspiracy claim premised on the Sixth and Fourteenth Amendments (Count IV). Count III is directed at Defendant Conn alone.

Stripped of its vocabulary, the pleading is a legal-malpractice and ineffective-assistance complaint. Stua says his lawyer ignored the discovery portal, buried exculpatory evidence, put him on the stand and got him indicted for perjury, sent him misleading letters, hid a better plea offer, overrode his chosen defense, and pressured him into a plea so the lawyer could clear his docket and move to Parker County. Dkt. 10 ¶¶ 43–54. Those are grievances about the quality of a criminal defense. They are not a federal racketeering enterprise, and they are not a constitutional tort.

Four independent grounds require dismissal of every claim against Charanza:

First, *Heck v. Humphrey* forecloses each count. A judgment for Stua on any of his theories would necessarily imply that his unreversed aggravated perjury conviction is invalid.

Second, every act Stua attributes to Charanza occurred between June 9, 2020 and June 10, 2022. The § 1983 claim was two years stale before suit was filed, and the RICO claim cannot be revived by a single act at the end of the limitations period.

Third, Charanza was court-appointed defense counsel performing a lawyer's traditional functions. Under *Polk County v. Dodson* he did not act under color of state law, and Stua pleads no facts—none—showing an agreement between Charanza and any state actor.

Fourth, the RICO counts fail at every element: no cognizable predicate act, no pattern, no enterprise, and no injury to business or property within the meaning of § 1964(c).

Each ground is independently sufficient. None can be repaired by amendment. Charanza asks that the claims against him be dismissed.

## II. STATEMENT OF THE ISSUES

A. *Heck v. Humphrey* bars claims that would necessarily imply the invalidity of Stua's unreversed aggravated perjury conviction.

B. Stua's claims against Charanza are barred by the two-year limitations period governing § 1983 claims and the four-year period governing civil RICO claims.

C. Charanza, as court-appointed criminal defense counsel, did not act under color of state law for purposes of 42 U.S.C. § 1983.

D. Stua has not sufficiently pleaded the elements of a civil RICO claim under 18 U.S.C. § 1962(c) or a RICO conspiracy under § 1962(d).

E. Leave to amend should be denied as futile.

## III. STANDARD OF REVIEW

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

The court accepts well-pleaded facts as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions dressed as factual allegations receive no presumption of truth. Id. at 679. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Id.* In this Circuit, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Stua proceeds pro se, and his pleading is construed liberally. But liberal construction does not exempt a pro se litigant from the Federal Rules or from substantive law, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), and it does not permit a court to supply facts the plaintiff has not pleaded.

Finally, a limitations defense may be resolved on a Rule 12(b)(6) motion where, as here, the defect appears on the face of the complaint. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## IV. ARGUMENT AND AUTHORITIES

### A. Every claim against Charanza is barred by *Heck v. Humphrey*.

#### 1. The *Heck* rule.

A plaintiff may not use a civil damages action to attack a criminal judgment that still stands. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence," the claim "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. To proceed, the plaintiff must prove that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

A plaintiff "seeking damages pursuant to § 1983 for unconstitutional imprisonment [who] has not satisfied the favorable termination requirement of *Heck*" is "barred from any recovery and fails to state a claim upon which relief may be granted." *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). The critical inquiry is whether a judgment for the plaintiff would "necessarily imply the invalidity" of the criminal proceeding; if so, the claim is barred. *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000).

Two features of the doctrine matter here. First, *Heck* applies to convictions obtained by guilty plea no less than to convictions after trial; the rule turns on the existence of an outstanding criminal judgment, not on how it was obtained. Second, *Heck* applies whether or not the plaintiff remains in custody. The Fifth Circuit has squarely held that a plaintiff who is no longer confined, and who therefore cannot seek habeas relief, is still barred. *Randell*, 227 F.3d at 301. Stua's release does not open a door that *Heck* closed.

**2. Every theory Stua pleads against Charanza would invalidate his conviction.**

Count IV is the clearest case. Stua alleges that Charanza "intentionally suppressed critical exculpatory evidence" (Dkt. 10 ¶ 43); "orchestrat[ed] th[e] digital perjury trap" that produced the superseding aggravated perjury indictment (id. ¶¶ 45–46); "unconstitutionally usurped the Plaintiff's absolute strategic autonomy" and "structurally destroyed the adversarial process" (id. ¶ 71); and "coerce[d] an involuntary plea through fraudulent sentencing threats" in violation of due process (id. ¶ 72).

Take those allegations as true and the conviction cannot stand. A plea procured by counsel's deception and coercion is not knowing and voluntary. Suppression of exculpatory evidence by the defendant's own lawyer is ineffective assistance. A *McCoy* violation is structural error requiring a new trial. Every one of these theories, if established, would establish that Stua is entitled to have his aggravated perjury conviction set aside. That is the definition of a claim *Heck* bars.

Counts I and II are the same allegations wearing a different statute. The predicate acts Stua ascribes to Charanza are the mailing of letters "designed to conceal the single-count plea offer and suppress the Plaintiff's written trial strategy" and the extortion of "the Plaintiff's signature on a mathematically disadvantageous, multi-count redundant plea." Dkt. 10 ¶¶ 53, 59(a), 59(c). The § 1964(c) injury he identifies is "the extortion of his liberty." *Id.* ¶ 60. A plaintiff cannot escape *Heck* by relabeling a collateral attack as racketeering. If the plea was extorted, the conviction is void; if the conviction is valid, there was no extortion. The RICO counts against Charanza rise or fall with the validity of the judgment.

Stua concedes the conviction is outstanding. He pleads that it "foreclos[es] future civil rights litigation under 42 U.S.C. § 1983" and that he bears "the lifelong impeachment consequences of an aggravated perjury conviction." *Id.* ¶ 54. He is right about the first point, and it is dispositive.

### 3. *Castillo v. Williams* is directly on point.

Last month a court in this state dismissed a materially identical suit. In *Castillo v. Williams*, No. MO-26-CV-00250-DC, 2026 U.S. Dist. LEXIS 187987 (W.D. Tex. Aug. 20, 2026), the plaintiff sued the prosecutor, the trial judge, and his own criminal defense attorney under § 1983

for constitutional violations during his state criminal case. The court dismissed the claims against defense counsel on two grounds relevant here. It held that counsel was not a state actor under *Dodson*, *id*. at *17–18,* **and it held independently that *Heck* barred the action because the plaintiff had not alleged, much less proven, that his conviction had been "reversed, expunged, declared invalid, or otherwise called into question**." *Id. at* 19. The same two defects are fatal here.

#### 4. The proper disposition.

Because the *Heck* conditions have not been met, Stua's claims have not accrued and he "fails to state a claim upon which relief may be granted." *Randell*, 227 F.3d at 301; see *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). Dismissal should be with prejudice to the claims being reasserted unless and until the *Heck* conditions are satisfied.

### B. Stua's claims against Charanza are time barred.

If the Court reaches limitations, the claims fail there too. Every act Stua attributes to Charanza is bracketed by two dates in the complaint: the June 9, 2020 appointment (Dkt. 10 ¶ 42) and the June 10, 2022 plea (id. ¶¶ 52–54). Stua pleads no act by Charanza after June 10, 2022.

#### 1. The § 1983 claim expired on June 10, 2024.

Section 1983 borrows the forum state's personal-injury limitations period, which in Texas is two years. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); Tex. Civ. Prac. & Rem. Code § 16.003. Accrual is a matter of federal law: the claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Stua knew of every injury he attributed to Charanza when it occurred. He knew what discovery his lawyer had and had not used. He knew he had been placed on the stand. He knew he had received thirty-one letters. He knew, on June 10, 2022, that he had signed a plea he did not want to sign. The latest possible accrual date is June 10, 2022, and the limitations period closed on June 10, 2024. This suit was filed two years after that. Count IV is untimely.

**2. The RICO claims are untimely, and one late act does not revive them.**

Civil RICO carries a four-year limitations period. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987). The Fifth Circuit applies the injury-discovery rule together with a separate-accrual rule: a claim accrues when the plaintiff discovers or should have discovered each injury. *Lewis v. Danos*, 83 F.4th 948, 955 (5th Cir. 2023) (*citing Love v. Nat'l Med. Enters.*, 230 F.3d 765, 773 (5th Cir. 2000)); see *Rotella v. Wood*, 528 U.S. 549 (2000).

Measured from the June 10, 2026, filing, the four-year window reaches back only to June 10, 2022. Everything Stua alleges against Charanza except the plea itself falls outside it: the suppression of discovery beginning in 2020 (Dkt. 10 ¶ 43), the July 2021 perjury trap and bond revocation (id. ¶¶ 44–46), the fee vouchers submitted during the representation (id. ¶ 47), and the thirty-one letters (id. ¶ 49). Each of those was a discrete injury Stua discovered when it happened.

That leaves only the June 10, 2022 plea. Even assuming that act were timely and were a valid predicate—it is neither, for the reasons in Part IV.D below—it cannot resurrect the rest. The Supreme Court has held that "the commission of a separate new overt act generally does not permit the plaintiff to recover for the injury caused by old overt acts outside the limitations period," and that a plaintiff "cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations

period." *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 189–90 (1997). The Seventh Circuit applied that rule to dismiss a RICO claim resting on a single timely act following a course of time-barred conduct. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 801–02 (7th Cir. 2008). The same analysis disposes of Stua's claim: a lone act on the last day of the period, which is not a predicate act at all, cannot carry a four-year pattern.

**3. No tolling is pleaded or available.**

Stua pleads no basis for tolling. He alleges a bipolar disorder diagnosis (Dkt. 10 ¶¶ 44–45), but a diagnosis is not legal incapacity, and his own pleading describes a plaintiff who during the relevant period initiated Texas Public Information Act audits, exchanged "over 171 emails" with counsel, and gave sworn testimony. *Id.* ¶¶ 15, 45. Nor does the federal discovery rule help him: *Rotella* squarely rejects the argument that a RICO claim waits to accrue until the plaintiff discovers the pattern rather than the injury. 528 U.S. at 554–58.

**C. Charanza is not a state actor, and Stua pleads no facts showing a conspiracy with one.**

**1. Court-appointed defense counsel does not act under color of state law.**

Section 1983 reaches only deprivations committed "under color of" state law. That requires the exercise of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (*quoting United States v. Classic*, 313 U.S. 299, 326 (1941)); *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

The Supreme Court has answered this question for defense lawyers. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel

to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The rule reflects the structure of the adversary system: defense counsel's duty runs to the client and against the State, and "it is the function of the public defender to enter not guilty pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants." *Id.* at 320. Neither the source of the lawyer's appointment nor the source of his fee changes the analysis; retained counsel, appointed counsel, and public defenders alike are outside § 1983. *Id.* at 318–19; *Castillo*, 2026 U.S. Dist. LEXIS 187987, at *17–18.

Every act Stua complains of is a traditional lawyer function. Reviewing the State's discovery portal and deciding what to use (Dkt. 10 ¶ 43). Subpoenaing his client's medical records (id. ¶ 44). Deciding whether to call his client to testify at a bond hearing (id. ¶ 45). Corresponding with his client about the case (id. ¶¶ 45, 49). Selecting a defense theory (id. ¶ 48). Conveying and negotiating a plea offer (id. ¶¶ 50–53). These are the daily work of criminal defense. Stua may believe every one of them was done badly. That is a claim for malpractice or for ineffective assistance under the Sixth Amendment, raised in the criminal case. It is not a claim under § 1983.

Indeed, the complaint's own theory refutes state action. Stua's grievance is that Charanza failed to act adversely to the State. A lawyer who fails to fight the prosecution has not exercised state power; he has, on the plaintiff's own account, failed to exercise the one function the Constitution assigns him. *Dodson* forecloses the claim.

**2. The conspiracy exception requires an agreement, and none is pleaded.**

Stua anticipates *Dodson* in a single sentence: Charanza "stripped himself of this immunity by forming an unconstitutional conspiracy and acting in joint enterprise with state actors." Dkt. 10

¶ 70. A private person may be treated as a state actor if he is "a willful participant in joint action with the State or its agents," *Dennis v. Sparks*, 449 U.S. 24, 27 (1980), but the plaintiff must plead facts showing an actual agreement. Allegations of conspiracy that are conclusory, or that rest on the bare assertion of parallel conduct, will not do. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); see also *Twombly*, 550 U.S. at 556–57.

Stua pleads no agreement. He does not allege that Charanza and Conn ever met, spoke, corresponded, or exchanged anything. He does not allege that Charanza and any prosecutor agreed to anything. What he offers instead are characterizations: Charanza "entered into a coordinated, symbiotic alignment with the State" (Dkt. 10 ¶ 43); the defendants "willfully and knowingly conspired, combined, and agreed" (id. ¶ 62); they "agreed to conduct or participate in the affairs of the Enterprise" (id. ¶ 63). Those are the elements recited back, not facts. *Iqbal*, 556 U.S. at 678–79.

The chronology makes the gap concrete. On the complaint's own account, Conn's last alleged act was testimony at a February 15, 2019 examining trial. Dkt. 10 ¶ 24. Charanza was appointed on June 9, 2020—roughly sixteen months later. Id. ¶ 42. The two men are alleged to have occupied opposite chairs in the same prosecution and are never alleged to have communicated. A conspiracy cannot be inferred from the fact that two people participated, years apart and on opposing sides, in the same criminal case.

### 3. The *McCoy* theory does not survive a cursory review.

Count IV's centerpiece is a "*McCoy* Violation"—that Charanza "usurped the Plaintiff's absolute strategic autonomy" by abandoning the "bona fide civil dispute" defense. Dkt. 10 ¶ 71.

*McCoy v. Louisiana*, 584 U.S. 414 (2018), holds that a defendant has the right to insist that counsel not concede guilt, and that a violation is structural error. It is a rule enforced on direct appeal or in habeas, by vacating the conviction. It is not a damages remedy against private counsel, and it does not convert a defense lawyer into a state actor. It is also, for precisely the reason it exists, the paradigm of a *Heck*-barred theory: the relief *McCoy* contemplates is a new trial.

**D. Stua fails to plead a RICO claim under § 1962(c) or § 1962(d).**

A civil RICO claim requires "1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995). A private plaintiff must also plead injury to "business or property" proximately caused by the violation. 18 U.S.C. § 1964(c). Stua satisfies none of these requirements.

**1. Stua pleads no cognizable predicate act.**

"Racketeering activity" means one of the offenses enumerated in 18 U.S.C. § 1961(1), and a pattern requires at least two. 18 U.S.C. § 1961(5); *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015). Stua identifies three categories. None qualifies.

**a. Hobbs Act extortion (18 U.S.C. § 1951).**

Stua alleges that on June 10, 2022, Charanza extorted "the Plaintiff's civil standing, liberty, and right to trial." Dkt. 10 ¶ 59(a). The Hobbs Act defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The Supreme Court has held that this requires "not only the deprivation but also the acquisition of property," and that the property

must be transferable—something "of value" that the extortioner "can exercise, transfer, or sell." *Sekhar v. United States*, 570 U.S. 729, 734–38 (2013). Coercing another person to make a decision is not obtaining property. *Id.* at 738.

*Sekhar* is fatal. A signature on a plea papers, a defendant's "civil standing," his "liberty," and his "right to trial" are not transferable property that Charanza acquired, exercised, or sold. Charanza obtained nothing. Stua also pleads no effect on interstate commerce arising from the alleged extortionate transaction, which the statute independently requires. See *United States v. Stephens*, 964 F.2d 424, 428–29 (5th Cir. 1992).

**b. Mail fraud (18 U.S.C. § 1341).**

Stua alleges that thirty-one letters to his jail cell were "designed to conceal the single-count plea offer and suppress the Plaintiff's written trial strategy." Dkt. 10 ¶ 59(c). The mail and wire fraud statutes "protect property rights only"; the object of the scheme must be money or property. *Ciminelli v. United States*, 598 U.S. 306, 312 (2023); *Kelly v. United States*, 590 U.S. 391, 398–402 (2020). *Ciminelli* specifically rejected the "right to control" theory—that depriving a victim of information bearing on an economic decision is itself a property fraud. 598 U.S. at 309, 316.

That is exactly Stua's theory. He says his lawyer withheld information he needed to evaluate a plea. Whatever else that is, it is not a scheme to obtain his money or property, and after *Ciminelli* it is not federal fraud.

**c. Wire fraud (18 U.S.C. § 1343).**

The only allegation in which money is an object of the alleged scheme is the claim that Charanza submitted "fraudulent indigent defense billing vouchers claiming $21,942.60" through

the Texas eFile system. Dkt. 10 ¶¶ 47, 59(b). The money in that scheme belonged to Angelina County. Stua did not pay it, was not deceived by the vouchers, and did not rely on them.

RICO requires proximate cause: the plaintiff must show the violation "led directly" to his injuries. *Lewis*, 83 F.4th at 955 (citing *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 784–85 (5th Cir. 2020)). In *Lewis*, the Fifth Circuit rejected mail and wire fraud predicates on this basis where the plaintiff neither relied on the misrepresentations nor was involved in the transmissions: "those predicate acts proximately caused injury to others, not to Lewis." 83 F.4th at 957. The same is true here. If the vouchers defrauded anyone, they defrauded the county, and the county is not the plaintiff.

**d. The fraud predicates are not pleaded with particularity.**

Independently, Rule 9(b) applies to mail and wire fraud predicates in a civil RICO case, and the pleading must state the who, what, when, where, and how of the alleged fraud. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138–39 (5th Cir. 1992). Stua identifies thirty-one letters and "over 171 emails" without giving the date, sender, recipient, or content of a single one, and without identifying a single false statement in any of them. Dkt. 10 ¶¶ 45, 49. That does not satisfy Rule 8, let alone Rule 9(b).

**2. Stua pleads no pattern of racketeering activity.**

Because no valid predicate act is pleaded, there is no pattern. But the pattern element fails on its own terms as well.

The Fifth Circuit has held that "[i]t is unnecessary to delve into the arcane concepts of a closed-end or open-ended continuity under RICO in cases where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, for in such cases, a 'pattern of racketeering

activity' has not been shown." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 123 (5th Cir. 1996)). Everything alleged here is part and parcel of one thing: a single state criminal prosecution of a single defendant, which ended in a judgment on June 10, 2022.

The Circuit has twice held that conduct occurring in the course of litigating a lawsuit does not constitute a RICO pattern. *Zastrow*, 789 F.3d at 561 ("[W]here all of the alleged predicate acts took place in the context of defending a lawsuit, the unlawful conduct did not constitute or threaten long-term criminal activity." (cleaned up)); *In re Burzynski*, 989 F.2d 733, 742–43 (5th Cir. 1993). Charanza's alleged acts occurred entirely in the course of defending Stua against criminal charges. There is one victim, one objective, and a closed period that terminated with the plea. That is not a pattern.

**3. Stua pleads no enterprise.**

A RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise." *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024). Because the "Angelina Retaliation and Fraud Enterprise" is not a legal entity, Stua must plead an association-in-fact, which requires "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit those associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). In this Circuit an association-in-fact enterprise "1) must have an existence separate and apart from the pattern of racketeering, 2) must be an ongoing organization and 3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Crowe*, 43 F.3d at 205 (*quoting Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 243 (5th Cir. 1988)).

Stua's enterprise consists of two men at opposite ends of one criminal case, separated by sixteen months, who are never alleged to have communicated, and whose only alleged connection is that each is said to have wronged Stua. Membership in the alleged enterprise is defined entirely by the alleged predicate acts, which means the enterprise has no existence separate and apart from them. *Crowe*, 43 F.3d at 205; *Crosswell*, 120 F.4th at 185; *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019). And the complaint identifies no structure of any kind—no hierarchy, no decision-making mechanism, no division of function, nothing that would let two adversaries operate as a continuing unit. See *Limestone*, 520 F.3d at 804 ("Nowhere in the complaint does one find anything to indicate a structure of any kind."); *Clark v. Nat'l Equities Holdings, Inc.*, 561 F. Supp. 2d 632, 638–39 (E.D. Tex. 2006).

The adversarial posture is not a detail. Charanza's obligation was to defend Stua against the charges Conn referred. "Each party's conducting of its own affairs is not . . . consensual decision making." *Gonzalez v. Bank of Am.*, No. H-10-1974, 2011 WL 13261985, at *7 (S.D. Tex. 2011).

#### 4. Stua pleads no injury to business or property.

Section 1964(c) confers a private right of action only on a person "injured in his business or property." Personal injuries—and the pecuniary losses flowing from them—are not recoverable. Stua's prayer seeks damages for "severe emotional distress, loss of liberty, psychological trauma, and deprivation of constitutional rights." Dkt. 10, Prayer ¶ B. His § 1964(c) allegation identifies "the extortion of his liberty" and the destruction of his "civil standing." Id. ¶¶ 54, 60. None of that is injury to business or property.

The two items that sound in property are not attributable to Charanza. The cellular devices were seized by Conn under search warrants in December 2018, eighteen months before Charanza's appointment. Id. ¶¶ 29, 35. The internet ban that allegedly cost Stua employment was imposed by the trial court in May 2020, also before the appointment. Id. ¶ 41. Stua pleads no property he lost by reason of anything Charanza did.

#### 5. The § 1962(d) conspiracy claim fails with the substantive claim.

"The failure to plead the requisite elements of either a § 1962(a) or a § 1962(c) violation implicitly means that [a plaintiff] cannot plead a conspiracy to violate either section." *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 930 (5th Cir. 2002). Count II fails for that reason alone.

It fails on its own terms as well. A RICO conspiracy requires "(1) an agreement between two or more people to commit a substantive RICO offense; and (2) knowledge of and agreement to the overall objective of the RICO offense." *United States v. Onyeri*, 996 F.3d 274, 280 (5th Cir. 2021). For the reasons stated in Part IV.C.2, no agreement is pleaded.

### E. The request for declaratory relief fails with the underlying claims.

Stua asks the Court to declare that the defendants' past acts violated the First, Fourth, Sixth, and Fourteenth Amendments. Dkt. 10, Prayer ¶ D. Declaratory relief is prospective; it is not a vehicle for adjudicating completed conduct or for undoing an adverse criminal judgment. Because no substantive claim survives, the declaratory request adds nothing.

### F. Leave to amend would be futile.

A pro se plaintiff is ordinarily given a chance to amend, but not where he has already pleaded his best case. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Stua has amended once already; Docket 10 is his corrected Original Complaint. More importantly, the defects here are legal, not a matter of missing detail. No amendment can invalidate the aggravated perjury conviction, move the plea inside the limitations period, make court-appointed defense counsel a state actor, or convert a plea negotiation into the obtaining of transferable property. Dismissal should be with prejudice, save that the *Heck*-barred claims should be dismissed with prejudice to their reassertion until the *Heck* conditions are met.

## V. CONCLUSION

Defendant Albert J. Charanza, Jr. respectfully requests that the Court dismiss all claims asserted against him in Plaintiff's corrected Original Complaint, deny leave to amend, and grant him such other relief, at law or in equity, to which he may be entitled.

Respectfully submitted,

/s/ Lane A. Haygood
Lane A. Haygood
Texas Bar No. 24066670
HAYGOOD LAW FIRM
620 N. Grant Ave., Suite 913
Odessa, Texas 79761
Telephone: (432) 279-0411
lane@haygoodlawfirm.com

**ATTORNEY FOR DEFENDANT ALBERT J. CHARANZA, JR.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Defendant Charanza attempted to confer with Plaintiff, who is proceeding pro se, regarding the relief requested in this motion. Plaintiff responded that he opposes. This motion is accordingly submitted as opposed.

/s/ Lane A. Haygood
Lane A. Haygood

## CERTIFICATE OF SERVICE

I certify that on September 11, 2026, a true and correct copy of the foregoing was served on Plaintiff David Stua, proceeding pro se, at 4217 FM 2021, Lufkin, Texas 75904, and at christian.tatum8@gmail.com, by the method(s) authorized by Federal Rule of Civil Procedure 5 and the Court's electronic filing system, and on all counsel of record via the Court's CM/ECF system.

/s/ Lane A. Haygood
Lane A. Haygood