**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAVID STUA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 9:26-CV-00419-MJT-CLS** |
| | § | |
| **ALBERT J. CHARANZA, JR. and DOUG CONN,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT ALBERT J. CHARANZA, JR.'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

TO THE HONORABLE MICHAEL J. TRUNCALE, UNITED STATES DISTRICT JUDGE:

Subject to and without waiving his contemporaneously filed Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), Defendant Albert J. Charanza, Jr. files this Original Answer to Plaintiff's corrected Original Complaint (Dkt. 10) and respectfully shows the Court as follows:

## I. RESPONSES TO THE NUMBERED ALLEGATIONS

Charanza responds to the correspondingly numbered paragraphs of the corrected Original Complaint. Any allegation not expressly admitted is denied. Charanza responds only on his own behalf and not on behalf of Defendant Conn. Headings, footnotes, and characterizations of law contained in the Complaint require no response; to the extent a response is required, they are denied.

1. This paragraph states a characterization of the action and legal conclusions to which no response is required. To the extent a response is required, Charanza denies the allegations,

and specifically denies that he participated in any racketeering, extortion, enterprise, or civil rights violation.

2. Denied as to Charanza. Charanza lacks knowledge or information sufficient to form a belief about the truth of the allegations as to any other person and therefore denies them.

3. This paragraph identifies the statutes under which Plaintiff purports to sue. The cited statutes speak for themselves. Charanza denies that he violated any of them and denies that Plaintiff is entitled to any relief.

4. This paragraph states a legal conclusion to which no response is required. Charanza does not dispute that the Court has federal question jurisdiction over claims arising under federal law but denies that Plaintiff has stated any such claim against him.

5. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Charanza denies that Plaintiff has been injured in his business or property by reason of any violation of 18 U.S.C. § 1962.

6. Charanza admits that he resides in the State of Texas and does not contest that venue lies in the Eastern District of Texas, Lufkin Division. Charanza denies that any unlawful act giving rise to any claim occurred in Angelina County or anywhere else.

7. Charanza lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies them.

8. Charanza admits that he is licensed to practice law in the State of Texas and that his Texas Bar Number is 00783820. Charanza admits that he was appointed by the 159th Judicial District Court of Angelina County to represent Plaintiff in a criminal proceeding. Charanza denies that he is or ever was an "associate of the enterprise," denies that any "enterprise"

existed, denies that he may be sued in any "official capacity," and denies the remaining allegations of this paragraph.

9. Charanza lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies them.

10. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

11. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

12. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

13. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

14. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

15. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

16. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

17. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

18. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

19. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

20. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

21. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

22. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

23. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

24. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

25. This paragraph states legal conclusions regarding Tex. Penal Code § 43.25 to which no response is required. The statute speaks for itself.

26. This paragraph states legal conclusions and argument to which no response is required. The cited authorities speak for themselves.

27. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

28. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

29. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

30. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

31. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

32. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

33. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

34. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

35. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

36. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

37. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

38. Charanza admits that he was not counsel of record for Plaintiff at any time before June 9, 2020. Charanza lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning prior counsel and therefore denies them. Charanza denies any allegation of wrongdoing directed at him.

39. These allegations concern events predating Charanza's appointment and involving persons other than Charanza. Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

40. The orders of the state trial court speak for themselves. Charanza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies them.

41. The orders of the state trial court speak for themselves. Charanza lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies them.

42. Charanza admits that he was appointed to represent Plaintiff on or about June 9, 2020, in the 159th Judicial District Court of Angelina County, and that he entered the case by facsimile. Charanza denies the characterizations contained in this paragraph and denies the remaining allegations.

43. Denied.

44. Charanza admits that in July 2021 the State obtained superseding indictments and that, in the course of the representation, he subpoenaed and obtained records concerning Plaintiff from the Burke Center. Charanza lacks knowledge or information sufficient to form a belief

about the truth of the allegations concerning Plaintiff's medical diagnoses and therefore denies them. Charanza denies the remaining allegations.

45. Charanza admits that he corresponded with Plaintiff by electronic mail during the representation and that Plaintiff testified at a hearing concerning bond. Charanza denies the characterizations in this paragraph, denies the alleged number of communications as stated, and denies the remaining allegations.

46. Denied.

47. Charanza admits that, as court-appointed counsel, he submitted fee vouchers to Angelina County for work performed in Plaintiff's defense, and that those vouchers were submitted via hand delivery to the court via carbon copy court form and typed invoice of attorney time and expenses. Charanza denies that any voucher was fraudulent, denies that any claimed time was not applied to Plaintiff's defense, denies committing wire fraud, and denies the remaining allegations.

48. Charanza admits that Plaintiff communicated with him in writing about the defense of the charges. Charanza denies the characterization of any defense as "highly viable" and denies the remaining allegations.

49. Charanza admits that he corresponded with Plaintiff in writing while Plaintiff was in custody. Charanza denies that any correspondence was deceptive, denies that he executed any scheme, denies that he inflated Plaintiff's penal exposure, denies the quoted language attributed to him, and denies the remaining allegations.

50. Charanza lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the terms of any offer as characterized by Plaintiff and therefore

denies them. Charanza specifically denies that he suppressed or concealed any plea offer from Plaintiff.

51. Charanza admits that he later became employed by the Parker County District Attorney's Office. Charanza denies that any personal financial interest, real estate transaction, relocation, or docket consideration influenced his representation of Plaintiff in any respect, and denies the remaining allegations.

52. Charanza admits that he met with Plaintiff at the Angelina County courthouse on or about June 10, 2022. Charanza denies that he "ambushed" Plaintiff, lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's sleep or subjective condition and therefore denies them, and denies the remaining allegations.

53. Denied.

54. Charanza admits that Plaintiff was convicted of aggravated perjury and that the conviction has not been reversed, vacated, expunged, or otherwise invalidated. Charanza denies the remaining allegations.

55. Charanza incorporates his responses to the preceding paragraphs as if fully set forth herein.

56. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, it is denied.

57. Denied.

58. Denied.

59. Denied, including each of subparagraphs (a), (b), and (c).

60. Denied.

61. Charanza incorporates his responses to the preceding paragraphs as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. These allegations are directed at Defendant Conn and require no response from Charanza. To the extent a response is required, Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

66. These allegations are directed at Defendant Conn and require no response from Charanza. To the extent a response is required, Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

67. These allegations are directed at Defendant Conn and require no response from Charanza. To the extent a response is required, Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

68. These allegations are directed at Defendant Conn and require no response from Charanza. To the extent a response is required, Charanza lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

69. Charanza incorporates his responses to the preceding paragraphs as if fully set forth herein.

70. The first clause states the law correctly and requires no response. Charanza denies that he formed any conspiracy, denies that he acted in joint enterprise with any state actor, denies that he acted under color of state law at any time, and denies the remaining allegations.

71. Denied. Charanza further states that *McCoy v. Louisiana* affords no cause of action for damages against defense counsel.

72. Denied.

## II. RESPONSE TO THE PRAYER FOR RELIEF

Charanza denies that Plaintiff is entitled to any of the relief requested in subparagraphs A through F of the Prayer for Relief, or to any relief whatsoever, from Charanza.

## III. AFFIRMATIVE AND OTHER DEFENSES

Pleading further and in the alternative, and without assuming any burden of proof or persuasion that the law places on Plaintiff, Charanza asserts the following defenses:

1. Plaintiff's corrected Original Complaint fails to state a claim upon which relief can be granted. Charanza incorporates by reference his contemporaneously filed Motion to Dismiss.

2. Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A judgment for Plaintiff would necessarily imply the invalidity of his aggravated perjury conviction, which has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus.

3. Plaintiff's claims under 42 U.S.C. § 1983 are barred by the two-year limitations period supplied by Tex. Civ. Prac. & Rem. Code § 16.003.

4. Plaintiff's claims under 18 U.S.C. §§ 1962(c) and (d) are barred by the four-year limitations period applicable to civil RICO claims. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143 (1987).

5. Charanza did not act under color of state law. As court-appointed counsel performing a lawyer's traditional functions in a criminal proceeding, he is not subject to suit under § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981).

6. Plaintiff has not pleaded and cannot prove a RICO enterprise, a pattern of racketeering activity, any cognizable predicate act, or injury to business or property within the meaning of 18 U.S.C. § 1964(c).

7. Plaintiff's alleged injuries were not proximately caused by any act or omission of Charanza.

8. Plaintiff's fraud-based allegations are not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b).

9. Plaintiff's guilty plea was made knowingly, voluntarily, and intelligently, in open court, after admonishment, and was accepted by a court of competent jurisdiction. That judgment forecloses the claims asserted here.

10. Plaintiff's alleged injuries were caused, in whole or in part, by the independent acts and decisions of third parties over whom Charanza had no control, including the grand jury, the prosecuting authority, law enforcement, the state trial court, prior counsel, and Plaintiff himself. Those acts constitute intervening and superseding causes.

11. Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel, and issue preclusion arising from the criminal judgment.

12. The damages Plaintiff seeks — emotional distress, psychological trauma, loss of liberty, and deprivation of constitutional rights — are personal injuries and are not recoverable under 18 U.S.C. § 1964(c).

13. To the extent any claim is construed as one for legal malpractice or breach of professional duty under Texas law, it is barred by *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995), because Plaintiff has not been exonerated of the underlying conviction, and by the applicable two-year limitations period.

14. To the extent any claim is construed as arising under Texas law, Charanza is protected by Texas attorney immunity for conduct within the scope of his representation of a client.

15. Plaintiff failed to mitigate his alleged damages.

16. Plaintiff's own conduct was the sole proximate cause, or a proximate cause, of his alleged injuries.

17. Plaintiff is not entitled to punitive or exemplary damages, and any such award would violate the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment to the United States Constitution.

18. Charanza is entitled to recover his costs and, because Plaintiff's claims are frivolous, unreasonable, and without foundation, his reasonable attorney's fees under 42 U.S.C. § 1988 and any other applicable authority.

19. Charanza reserves the right to assert additional defenses that discovery or further investigation may reveal, and to amend this Answer accordingly.

## IV. PRAYER

Charanza respectfully requests that the Court dismiss Plaintiff's claims against him with prejudice, enter judgment that Plaintiff take nothing, award Charanza his costs and attorney's fees, and grant such other and further relief, at law or in equity, to which he may be entitled.

Respectfully submitted,

/s/ Lane A. Haygood
Lane A. Haygood, *pro hac vice*
Texas Bar No. 24066670
HAYGOOD LAW FIRM
620 N. Grant Ave., Suite 913
Odessa, Texas 79761

Telephone: (432) 279-0411
lane@haygoodlawfirm.com

**ATTORNEY FOR DEFENDANT ALBERT J. CHARANZA, JR.**

## CERTIFICATE OF SERVICE

I certify that on September 11, 2026, a true and correct copy of the foregoing was served on Plaintiff David Stua, proceeding pro se, at 4217 FM 2021, Lufkin, Texas 75904, and at christian.tatum8@gmail.com, by the method(s) authorized by Federal Rule of Civil Procedure 5 and the Court's electronic filing system, and on all counsel of record via the Court's CM/ECF system.

/s/ Lane A. Haygood
Lane A. Haygood