DEPUTY
BY
SEP 25 2026
EASTERN DISTRICT OF TEXAS
U.S. DISTRICT COURT
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAVID RAY STUA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**ALBERT J. CHARANZA, JR.,**<br>**DOUG CONN, and**<br>**JANET LEE REYNOLDS, f/k/a**<br>**JANET R. CASSELS,**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO.**<br>**9:26-CV-00419-MJT-CLS** |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP 25 2026
BY
DEPUTY

**PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO STAY PROCEEDINGS IN PART**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff David Ray Stua, appearing pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file his First Amended Complaint, attached hereto as Exhibit A, and further moves the Court, pursuant to its inherent authority to manage its docket, to stay Count IV of this action pending resolution of Plaintiff's currently pending Article 11.07 post-conviction application for writ of habeas corpus in the 159th District Court of Angelina County, Texas. In support of this Motion, Plaintiff respectfully shows the Court as follows:

**I. INTRODUCTION**

**1.** This case is at the pleading stage. Two motions to dismiss are currently pending: Defendant Conn's Motion to Dismiss (Doc. 13), filed August 24, 2026, and Defendant Charanza's Motion to Dismiss (Doc. 16), filed September 11, 2026. Rather than litigate the sufficiency of the operative Complaint (Doc. 10) as currently pled, Plaintiff seeks leave to amend to (a) add a defendant, Janet Lee Reynolds, formerly known as Janet R. Cassels, (b) plead additional facts bearing on the timeliness of Plaintiff's claims with the particularity required by Federal Rule of Civil Procedure 9(b), and (c) narrow and refine the legal theories

advanced in Counts I and II. Plaintiff further requests that the Court stay Count IV, which depends on the validity of a state criminal conviction Plaintiff is currently challenging in a pending state habeas corpus proceeding, rather than dismiss it, because that claim has not yet accrued.

## II. PROCEDURAL HISTORY

**2.** Plaintiff filed this action on June 10, 2026. Doc. 1. Pursuant to this Court's Order (Doc. 9), Plaintiff refiled his Complaint on July 13, 2026. Doc. 10.

**3.** Defendant Conn filed a Motion to Dismiss on August 24, 2026. Doc. 13. Pursuant to E.D. Tex. Local Rule CV-7(e), Plaintiff's response was due on or about September 7, 2026. Plaintiff did not timely respond. Plaintiff respectfully shows good cause for this delay: in the intervening weeks, Plaintiff undertook substantial additional factual investigation bearing on the timeliness and pleading of his claims, including diligent, ongoing work on his pending Article 11.07 state habeas corpus proceeding — the same proceeding that forms the basis for the stay requested herein as to Count IV — the scope and results of which counseled amendment rather than a response defending the Complaint as currently pled. Plaintiff respectfully requests that the Court accept this Motion, filed contemporaneously with Plaintiff's proposed First Amended Complaint, in lieu of a separate response to Doc. 13, and that the Court deem Doc. 13 moot upon the granting of leave to amend, consistent with the practice of numerous courts within this Circuit when a plaintiff seeks leave to amend rather than oppose a pending motion to dismiss on the merits of the original pleading.

**4.** Defendant Charanza filed a Motion to Dismiss (Doc. 16), an Answer (Doc. 18), and a Certificate of Interested Persons (Doc. 17) on September 11, 2026. Plaintiff's response to

Doc. 16 is due on or about September 25, 2026. Plaintiff files this Motion before that deadline.

**5.** Plaintiff is also the petitioner in a currently pending, first Article 11.07 post-conviction application for writ of habeas corpus filed in the 159th District Court of Angelina County, Texas, Cause No. 2021-0580, challenging the validity of the convictions underlying certain claims in this action. That proceeding remains pending.

## III. LEGAL STANDARD

### A. Leave to Amend Under Rule 15(a)(2)

**6.** Federal Rule of Civil Procedure 15(a)(2) provides that, outside the period for amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has long instructed that leave should be denied only for a substantial, identifiable reason, such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent such a reason, "the leave sought should, as the rules require, be 'freely given.'" *Id.*

**7.** This case remains at the earliest stage of litigation. No scheduling order has issued, no discovery has commenced, and no dispositive motion has been decided. Granting leave here works no undue delay or prejudice to Defendants, who have not yet filed a substantive response on the merits of any claim.

### B. Authority to Stay Proceedings Pending a Related State Habeas Corpus Matter

**8.** A district court has inherent authority to stay proceedings incident to its power to control its own docket, "to conserve judicial resources and provide for a just determination of the cases pending before it." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

**9.** Separately and independently, a claim under 42 U.S.C. § 1983 that, if successful, would necessarily imply the invalidity of an outstanding criminal conviction does not accrue, and the applicable limitations period does not begin to run, until the conviction has been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where such a claim is pending alongside an active, unresolved challenge to the underlying conviction, the orderly course is to stay rather than dismiss the claim, so that it may proceed without prejudice if and when the predicate conviction is invalidated. See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

## IV. ARGUMENT

### A. Leave to Amend Should Be Granted

**10.** Each *Foman* factor favors granting leave. There has been no undue delay measured against the stage of this case; the proposed amendment is Plaintiff's first sought amendment of this Complaint. There is no bad faith or dilatory motive; the amendment is offered specifically in response to Defendants' pending motions and to additional facts developed since the original filing. Defendants will suffer no undue prejudice, as no response to the operative Complaint has yet been adjudicated on the merits. Finally, amendment is not futile: the proposed First Amended Complaint cures the pleading deficiencies identified in Defendants' motions to the extent they are curable, and plainly states claims upon which relief may be granted.

### B. Count IV Should Be Stayed, Not Dismissed, Because It Has Not Yet Accrued

**11.** Count IV depends in part on the invalidity of Plaintiff's underlying state criminal conviction. Success on that claim would necessarily imply the invalidity of that conviction. Under *Heck*, the claim has therefore not yet accrued, and the applicable limitations period has not

begun to run. It follows that Count IV is not untimely, as Defendant Charanza contends; it is, at most, premature.

**12.** Because Plaintiff's Article 11.07 application remains pending and could result in the conviction's invalidation, the appropriate disposition is a stay of Count IV pending the outcome of that proceeding, rather than dismissal. A stay preserves the claim, conserves the resources of this Court and the parties, and avoids the risk that a dismissal — even one without prejudice — could unfairly prejudice Plaintiff should the limitations landscape shift before the state proceeding concludes.

### C. In the Alternative, the Court Should Permit the Amendment to Proceed and Resolve Any Remaining Timeliness Questions on the Amended Pleading

**13.** To the extent the Court is not prepared to stay any portion of this action at this time, Plaintiff respectfully requests that the Court nonetheless grant leave to amend and evaluate the timeliness of Counts I, II, and III on the basis of the First Amended Complaint, which pleads with particularity the factual basis for tolling based on Defendants' fraudulent concealment of material facts, rather than on the original Complaint.

## V. CONCLUSION AND PRAYER

**14.** For the foregoing reasons, Plaintiff respectfully requests that this Court GRANT Plaintiff leave to file the attached First Amended Complaint, STAY Count IV pending resolution of Plaintiff's pending Article 11.07 habeas corpus proceeding, DEEM Doc. 13 and Doc. 16 moot upon the filing of the First Amended Complaint, and grant Plaintiff such other and further relief to which he may be justly entitled.

Respectfully submitted,

David Ray Stua, Pro Se
4217 FM 2021
Lufkin, Texas 75904
(936) 707-3192
christian.tatum8@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2026, a true and correct copy of the foregoing was served on all counsel of record by electronic mail to Lane Haygood, counsel for Defendant Charanza, and Christopher Gilbert, counsel for Defendant Conn.

________________________________

David Ray Stua

*NOTE ON CERTIFICATE OF CONFERENCE: Under E.D. Tex. Local Rule CV-7(i), the "meet and confer" and "certificate of conference" requirements do not apply to pro se litigants. No certificate of conference is therefore required for this Motion. Plaintiff nonetheless advised counsel for both Defendants of his intent to file this Motion as a matter of professional courtesy.*

# EXHIBIT A - PROPOSED FIRST AMENDED COMPLAINT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAVID RAY STUA,** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **9:26-CV-00419-MJT-CLS** |
| | § | |
| **ALBERT J. CHARANZA, JR.,** | § | |
| **DOUG CONN, and** | § | |
| **JANET LEE REYNOLDS, f/k/a** | § | |
| **JANET R. CASSELS,** | § | |
| **Defendants.** | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff David Ray Stua, appearing pro se, files this First Amended Complaint against Defendants Albert J. Charanza, Jr., Doug Conn, and Janet Lee Reynolds, formerly known as Janet R. Cassels, and in support respectfully shows the Court as follows:

## I. NATURE OF THE ACTION

**1.** This is a civil action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), (d), and under 42 U.S.C. § 1983, arising from a sustained, multi-year course of conduct by Defendants aimed at suppressing Plaintiff's exercise of rights protected by the First Amendment to the United States Constitution and the Texas Public Information Act ("TPIA"), Tex. Gov't Code § 552.001 et seq., and from the deprivation of Plaintiff's Sixth Amendment right to conflict-free, effective assistance of counsel in the criminal proceeding that resulted from that conduct.

**2.** Plaintiff amends his original Complaint (Doc. 10) to add Defendant Janet Lee Reynolds, formerly known as Janet R. Cassels; to plead additional facts, discovered after the filing of the original Complaint, bearing on the timeliness of Plaintiff's claims; to narrow the RICO enterprise alleged in Counts I and II to Defendants Reynolds and Charanza; and to restate the legal theories underlying each Count.

## II. PARTIES

**3.** Plaintiff David Ray Stua is an individual residing at 4217 FM 2021, Lufkin, Texas 75904, within Angelina County, Texas.

**4.** Defendant Albert J. Charanza, Jr. is an individual who, at all times relevant to this Complaint, was an attorney licensed to practice law in the State of Texas and served as Plaintiff's court-appointed counsel of record in Cause Nos. 2019-0291, 2019-0292, and, following the July 23, 2021 superseding indictment, Cause No. 2021-0580, in the 159th District Court of Angelina County, Texas. He is sued in his individual capacity.

**5.** Defendant Doug Conn is an individual who, at all times relevant to this Complaint, served as Chief of Police for the Angelina College Police Department. He is sued in his individual capacity.

**6.** Defendant Janet Lee Reynolds is an individual who, at all times relevant to this Complaint, was known as Janet R. Cassels and served as the elected District Attorney of Angelina County, Texas, a position she held from on or about April 2020 until her resignation effective on or about February 2024. Her name was legally changed to Janet Lee Reynolds by an Agreed Final Decree of Divorce entered April 6, 2026, in Cause No. DV-00031-26-02, County Court at Law No. 1, Angelina County, Texas. She is sued in her individual capacity under her current legal name.

## III. JURISDICTION AND VENUE

**7.** This Court has original subject-matter jurisdiction over Plaintiff's RICO claims under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c), and over Plaintiff's civil rights claims under 28 U.S.C. §§ 1331 and 1343.

**8.** Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in Angelina County, Texas, within this District and Division.

## IV. FACTUAL ALLEGATIONS

***A. The Common Purpose of the Enterprise: Suppression of Plaintiff's TPIA Activity***

**9.** Beginning no later than 2018 and continuing through at least 2025, Defendant Reynolds (then known as Cassels) and Defendant Charanza, together with Defendant Conn acting independently in the events described below, treated Plaintiff's exercise of his rights under the TPIA as conduct to be suppressed through the mechanisms of the criminal justice system and county administrative policy, rather than as protected activity.

**10.** On or about January 3, 2019, Defendant Conn, in his capacity as Chief of Police for Angelina College, prepared and submitted a report recommending revocation of Plaintiff's pretrial bond. The stated basis for that recommendation was that Plaintiff, through a third party, had submitted formal Public Information Act requests to Angelina College seeking, among other things, records concerning Defendant Conn personally. Defendant Conn's report reflects that he personally reviewed multiple recorded jail telephone calls in order to document this activity before recommending that Plaintiff's liberty be further restricted on that basis. This conduct is alleged in support of Count III below.

**11.** On or about October 23, 2023, Defendant Reynolds, then known as Cassels, sent a written communication to a sitting judge of the 159th District Court, outside Plaintiff's presence

and without notice to Plaintiff, in which she characterized Plaintiff as "a long time abuser of the TPIA" and complained of the volume of Plaintiff's public information requests and civil petitions directed at Angelina County officials, including herself.

**12.** On multiple occasions beginning in or about 2017 and continuing through at least 2023, Angelina County officials, including County Attorney Cary Kirby and, later, Defendant Reynolds, implemented and enforced a policy requiring that public information requests be submitted exclusively through a county web portal, to the exclusion of electronic mail, notwithstanding that Tex. Gov't Code § 552.234 independently permits submission of such requests by electronic mail.

**13.** The conduct alleged in Paragraphs 11 and 12 above reflects a common purpose shared by Defendants Reynolds and Charanza and pursued through the relationship and events alleged in Section IV.B below: namely, to deter, punish, and ultimately prevent Plaintiff's continued exercise of his rights under the Texas Public Information Act.

***B. Defendant Charanza's Undisclosed Conflicts of Interest and the False Certification Underlying Count I***

**14.** Defendant Charanza was appointed as Plaintiff's counsel of record on or about June 9, 2020, and represented Plaintiff through the entry of Plaintiff's guilty and no-contest pleas on June 10, 2022.

**15.** On or about September 17, 2021, Defendant Charanza publicly announced his candidacy for the office of Judge of the 159th District Court — the same court presiding over Plaintiff's criminal case — in the Republican primary election held March 1, 2022, which, in the absence of a Democratic candidate, determined the office outright. Defendant Charanza did not prevail.

**16.** On or about February 22, 2022, Defendant Charanza, in a written communication to Defendant Reynolds, then known as Cassels, requested that consideration of Plaintiff's pending Motion to Suppress Search Warrants — the dispositive Fourth Amendment motion in Plaintiff's criminal case — be deferred until "after the election," referring to his own candidacy. Defendant Reynolds agreed in writing to that request.

**17.** Defendant Charanza did not disclose to Plaintiff, at the time of his appointment or at any time thereafter, that he had previously served as retained defense counsel to Jerry Morehouse in two separate criminal proceedings in 2006, notwithstanding that Morehouse subsequently became the complaining witness in Count VIII of the indictment against Plaintiff — the count on which Defendant Charanza advised Plaintiff to enter a plea of no contest. During his representation of Plaintiff, Defendant Charanza personally interviewed Morehouse and transcribed recorded jail communications between Plaintiff and Morehouse, without disclosing this prior representation.

**18.** On or about June 2, 2022, the presiding judge of the 159th District Court wrote to Defendant Charanza characterizing the cumulative amount billed by Defendant Charanza to Angelina County for his representation of Plaintiff as "an unprecedented amount of charges requested in my judicial career," and questioned Defendant Charanza's professional judgment regarding "the extent of communication with Mr. Stua."

**19.** On each attorney fee voucher submitted to Angelina County in connection with his representation of Plaintiff, Defendant Charanza personally signed and submitted the following certification: "I, the undersigned attorney, certify that the above information is true and correct and in accordance with the laws of the State of Texas. The compensation

and expenses claimed [are] reasonable [and] necessary to provide effective assistance of counsel."

**20.** Contrary to that certification, Defendant Charanza's own billed time entries reflect that, on or about June 6, 2022, he billed time to review materials to "support IAC claim or conflict of interest" filed against him by Plaintiff; on or about June 7, 2022, he billed time for a "Meeting with Judge White and Janet Cassels re ineffective counsel claim IAC," conducted without Plaintiff present; and on or about June 8, 2022, he billed time to "contact State Bar of Texas for [a] form to withdraw" the grievance Plaintiff had filed against him — all in the three days immediately preceding Plaintiff's June 10, 2022 plea. This billed time was expended managing Defendant Charanza's own professional and disciplinary exposure, not in providing effective assistance of counsel to Plaintiff, rendering Defendant Charanza's certification as to this time false when made.

**21.** Angelina County paid Defendant Charanza's attorney fee vouchers, including the amounts attributable to the entries described in Paragraph 20, in reliance on Defendant Charanza's certification that the billed time was reasonable and necessary to Plaintiff's defense.

***C. Concealment of Material Facts Bearing on the Timeliness of This Action***

**22.** On June 10, 2022, in open court, Defendant Reynolds, then known as Cassels, represented that certain sex-offense counts against Plaintiff were being dismissed because "the victim in this Cause No. prefers that the matter not go forward due to the public nature of court proceedings."

**23.** On June 28, 2022, a third party, Stephen Watson, submitted a TPIA request to the Angelina County District Attorney's Office seeking any document indicating that the complaining witness or his family did not wish to proceed with prosecution. On July 12 and July 19, 2022, Defendant Reynolds personally responded to that request, invoking Tex. Gov't Code

§§ 552.108, 552.1315, Family Code § 261.201(a), and common-law privacy to withhold the responsive records in their entirety, without addressing whether the identifying information within those records could instead have been redacted consistent with Watson's request, which sought only the existence and substance of a non-prosecution statement, not the complaining witness's identity. As to § 552.108 specifically, Defendant Reynolds's stated basis for withholding was that the underlying criminal matter was "not final" due to the then-pending 30-day period for Plaintiff to file a Motion for New Trial. That period expired in July 2022, and no such motion was filed, rendering the § 552.108 basis for withholding moot no later than that date.

**24.** On November 7, 2024, Plaintiff submitted a TPIA request to then-District Attorney Layne Thompson seeking "any communications by any type of documents... of the alleged victim, G.W. or his parents." On December 9, 2024, Thompson responded only that it was "my understanding" that Cassels had made verbal contact with the complaining witness's mother, and declined Plaintiff's specific request that Cassels provide a sworn, written statement confirming the substance and date of that contact.

**25.** The written case-management notes documenting the complaining witness's family's unwillingness to proceed, dated March 17-18, 2021 and August 17, 2021 — months before the July 23, 2021 superseding indictment adding additional counts — did not appear on the discovery log provided to Plaintiff during the criminal proceeding and were not produced to Plaintiff until August 28, 2026, by the office of a successor District Attorney. This omission occurred notwithstanding that then-District Attorney Layne Thompson's office had otherwise produced substantial discovery to Plaintiff, including the contents of Plaintiff's cellular phone, Facebook account records obtained by search warrant and by

subpoena on two separate occasions, court filings, discovery logs, transcribed hearing records, and digital recordings of hearings — demonstrating that the withholding of the March 2021 and August 2021 notes specifically was not attributable to a general pattern of incomplete disclosure.

**26.** Plaintiff could not, through the exercise of reasonable diligence, have discovered the existence or content of the records described in Paragraph 25 prior to August 28, 2026. Plaintiff's claims that depend on the concealed facts described in this section accordingly did not accrue, or in the alternative are equitably tolled, until that date. See *Borderlon v. Peck*, 661 S.W.2d 907 (Tex. 1983) (an otherwise applicable limitations period is tolled by the common-law doctrine of fraudulent concealment).

**27.** On December 29, 2023 — while Defendant Reynolds, then known as Cassels, was still District Attorney — Defendant Reynolds and Defendant Charanza jointly filed an Agreed Motion for Nunc Pro Tunc, purporting to correct the discovery log for clerical error. The resulting amended discovery list continued to omit the March 2021 and August 2021 case notes described above, and continued to reflect a witness statement for the complaining witness dated January 11, 2019, rather than the witness's actual initial statement of December 10, 2018. Defendant Reynolds's personal participation in this December 2023 filing, more than eighteen months after Plaintiff's plea, constitutes an independent act of continued concealment attributable to her directly.

**28.** The criminal trespass warning barring Plaintiff from the Angelina College campus, originally issued in connection with Defendant Conn's December 2018 arrest of Plaintiff, remains in effect as of April 17, 2026. Plaintiff's continued exclusion from the campus,

including from public meetings of the Angelina College Board of Trustees, is a continuing consequence of the retaliatory conduct alleged against Defendant Conn in this Complaint.

## COUNT I

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1962(c)

*(Against Defendants Charanza and Reynolds)*

**29.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**30.** Defendants Charanza and Reynolds are each a "person" within the meaning of 18 U.S.C. § 1961(3).

**31.** Defendants Charanza and Reynolds constituted an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4) (the "Enterprise"). The Enterprise had a common purpose, as alleged in Paragraphs 9-13 above; a relationship sufficient to pursue that purpose, evidenced by the direct written communication and coordination alleged in Paragraph 16 above; and longevity sufficient to permit the pursuit of that purpose, spanning from at least 2020 through at least 2023. See *Boyle v. United States*, 556 U.S. 938, 946 (2009) (an association-in-fact enterprise requires only a common purpose, relationships among those associated, and longevity sufficient to permit those associates to pursue the enterprise's purpose).

**32.** Defendants conducted and participated in the conduct of the Enterprise's affairs through a pattern of racketeering activity, as defined in 18 U.S.C. § 1961(5), consisting of at least the following two predicate acts of wire fraud, in violation of 18 U.S.C. § 1343, each committed by the same means: Defendant Charanza's electronic transmission, via the

Texas county eFile voucher-submission system, of a sworn attorney fee voucher containing a materially false certification, upon which Angelina County relied in disbursing public funds to Defendant Charanza. (a) On or about August 16, 2022, Defendant Charanza so transmitted a voucher containing the false certification described in Paragraphs 19-20 above — specifically, that the time billed on June 6, 7, and 8, 2022, reflected work "necessary to provide effective assistance of counsel" to Plaintiff, when in fact that time was spent managing Defendant Charanza's own ineffective-assistance grievance and conflict-of-interest exposure. (b) On or about April 27, 2022, Defendant Charanza so transmitted a voucher certifying, under the same "reasonable [and] necessary" language, time billed on or about April 22, 2022, for a meeting with Defendant Reynolds and Angelina County Community Supervision Officer Caleb Bunn to review GPS monitoring records, and for research into the legal limits on internet-access restrictions for supervisees — work conducted jointly with, and for the evidentiary and administrative benefit of, the prosecution, rather than in preparation of Plaintiff's defense.

**33.** Each transmission described in Paragraph 32 was made by wire in interstate or foreign commerce, or by means reasonably foreseeable to use such wires, within the meaning of 18 U.S.C. § 1343, and each was a step in a scheme to obtain money from Angelina County by means of the false certifications described above. Angelina County paid Defendant Charanza's attorney fee vouchers, including the amounts attributable to the entries described in Paragraphs 20 and 32(b), in actual reliance on Defendant Charanza's certifications that the billed time was reasonable and necessary to Plaintiff's defense; absent those certifications, Angelina County would not have disbursed public funds for that time.

**34.** As a direct and proximate result of this false certification, Plaintiff was deprived of the effective legal representation for which Angelina County paid Defendant Charanza on Plaintiff's behalf, and for which Defendant Charanza was certified to Plaintiff and to the Court as providing. Plaintiff's injury is not derivative of any injury to Angelina County: Plaintiff was the intended beneficiary of the certified services, did not receive the services certified as rendered on his behalf during the three days preceding his plea, and suffered the loss of that representation at the precise juncture — the days immediately preceding a guilty plea — when effective assistance was most critical. That an aspect of this injury is bound up with the loss of liberty resulting from Plaintiff's continued pretrial detention does not defeat RICO standing, because a civil RICO plaintiff may recover for business or property harm even where that harm is connected to a personal injury. See *Medical Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025). Plaintiff's business and property injuries proximately resulting from this scheme include, among others: approximately $20,000 in tools and equipment rendered inaccessible or lost during Plaintiff's continued pretrial detention, and the destruction of the primary structure on Plaintiff's residential property in an October 2021 fire occurring during that same detention, which reduced the county-appraised improvement value of that structure by approximately $35,000, or 87.6%, as reflected in the Angelina County Appraisal District's own property roll records for 2021 and thereafter.

**35.** The predicate act alleged above, together with the ongoing conduct alleged throughout this Complaint spanning from 2020 through 2023, satisfies the relatedness and continuity requirements for a pattern of racketeering activity under 18 U.S.C. § 1961(5).

**36.** Plaintiff's claims under this Count did not accrue, or in the alternative are equitably tolled, until August 28, 2026, for the reasons alleged in Paragraphs 22-28 above.

## COUNT II

## CONSPIRACY TO VIOLATE RICO, 18 U.S.C. § 1962(d)

*(Against Defendants Charanza and Reynolds)*

**37.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**38.** Defendants Charanza and Reynolds agreed to the objective of the Enterprise's violation of 18 U.S.C. § 1962(c), as alleged above, and each was aware of and agreed to further that objective, within the meaning of *Salinas v. United States*, 522 U.S. 52, 65 (1997).

**39.** Plaintiff's claims under this Count did not accrue, or in the alternative are equitably tolled, until August 28, 2026, for the reasons alleged in Paragraphs 22-28 above.

## COUNT III

## 42 U.S.C. § 1983 — FIRST AMENDMENT RETALIATION AND FOURTH AMENDMENT UNREASONABLE SEIZURE

*(Against Defendant Conn)*

**40.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**41.** Defendant Conn, acting under color of state law, retaliated against Plaintiff for his exercise of rights protected by the First Amendment, and effected an unreasonable seizure of Plaintiff's person and property in violation of the Fourth Amendment, as alleged in Paragraph 10 above and elsewhere in this Complaint.

**42.** Plaintiff's claims under this Count are timely because they did not accrue, or in the alternative are equitably tolled, until August 28, 2026, for the reasons alleged in Paragraphs 22-28

above, which apply to this Count with equal force. In the further alternative, to the extent this Count depends on facts that would necessarily imply the invalidity of Plaintiff's underlying state criminal conviction, it has not yet accrued under *Heck v. Humphrey*, 512 U.S. 477 (1994), pending resolution of Plaintiff's Article 11.07 habeas corpus proceeding described in Count IV below.

## COUNT IV

## 42 U.S.C. § 1983 — CONSPIRACY TO DEPRIVE CIVIL RIGHTS AND SIXTH AMENDMENT VIOLATIONS

*(Against Defendants Charanza and Reynolds)*

**43.** Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**44.** Defendant Charanza, while acting as Plaintiff's court-appointed counsel, labored under an actual, undisclosed conflict of interest, as alleged in Paragraphs 15-20 above, which adversely affected his representation of Plaintiff and deprived Plaintiff of his Sixth Amendment right to conflict-free counsel.

**45.** Defendant Reynolds, acting under color of state law in a capacity outside the scope of the absolute immunity afforded to prosecutorial charging and dismissal decisions under *Imbler v. Pachtman*, 424 U.S. 409 (1976) — specifically, through the administrative and communicative conduct alleged in Paragraphs 11, 12, and 16 above — conspired with Defendant Charanza to deprive Plaintiff of his constitutional rights.

**46.** This claim depends in part on the invalidity of Plaintiff's underlying state criminal conviction, which Plaintiff is presently challenging in a pending Article 11.07 application for writ of habeas corpus in the 159th District Court of Angelina County, Texas, Cause No. 2021-

0580. Because success on this claim would necessarily imply the invalidity of that conviction, this claim has not yet accrued under *Heck v. Humphrey*, 512 U.S. 477 (1994), and Plaintiff requests that it be stayed, rather than dismissed, pending resolution of that proceeding, as set forth in Plaintiff's contemporaneously filed Motion for Leave to Amend and to Stay Proceedings in Part.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in Plaintiff's favor and against Defendants on each Count above;

b. Award Plaintiff compensatory damages, treble damages as to Counts I and II pursuant to 18 U.S.C. § 1964(c), and punitive damages as to Counts III and IV, in an amount to be determined at trial;

c. Award Plaintiff his costs of court; and

d. Grant Plaintiff such other and further relief, at law or in equity, to which he may be justly entitled.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

David Ray Stua, Pro Se
4217 FM 2021
Lufkin, Texas 75904
(936) 707-3192
christian.tatum8@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2026, a true and correct copy of the foregoing was served on all counsel of record by electronic mail to Lane Haygood, counsel for Defendant Charanza, and Christopher Gilbert, counsel for Defendant Conn.

________________________________

David Ray Stua

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAVID RAY STUA,**<br>**Plaintiff,** | §<br>§ | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **9:26-CV-00419-MJT-CLS** |
| | § | |
| **ALBERT J. CHARANZA, JR.,**<br>**DOUG CONN, and**<br>**JANET LEE REYNOLDS, f/k/a**<br>**JANET R. CASSELS,**<br>**Defendants.** | §<br>§<br>§<br>§ | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO STAY PROCEEDINGS IN PART**

On this day, the Court considered Plaintiff David Ray Stua's Opposed Motion for Leave to File First Amended Complaint and to Stay Proceedings in Part (the "Motion"). Having considered the Motion, the record, and the applicable law, the Court is of the opinion that the Motion should be, and hereby is, GRANTED.

IT IS THEREFORE ORDERED that Plaintiff is granted leave to file his First Amended Complaint, attached to the Motion as Exhibit A, naming Albert J. Charanza, Jr., Doug Conn, and Janet Lee Reynolds, formerly known as Janet R. Cassels, as Defendants. The Clerk is directed to file the First Amended Complaint as of the date of this Order and to issue summons as to Defendant Reynolds.

IT IS FURTHER ORDERED that Count IV of the First Amended Complaint is STAYED pending final resolution of Plaintiff's pending Article 11.07 application for writ of habeas corpus, currently before the 159th District Court of Angelina County, Texas, in Cause No. 2021-0580. Plaintiff is directed to file a status report advising the Court of the outcome of that proceeding within fourteen (14) days of its final resolution.

IT IS FURTHER ORDERED that Defendant Doug Conn's Motion to Dismiss (Doc. 13) and Defendant Albert J. Charanza, Jr.'s Motion to Dismiss (Doc. 16) are DENIED AS MOOT, without prejudice to refiling as to the First Amended Complaint.

IT IS FURTHER ORDERED that Defendants shall answer or otherwise respond to the First Amended Complaint within the time provided by Federal Rule of Civil Procedure 15(a)(3).

SIGNED this _____ day of _______________, 2026.

______________________________

MICHAEL J. TRUNCALE

UNITED STATES DISTRICT JUDGE