FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 25 2026

BY
DEPUTY ____________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAVID RAY STUA,**<br>**Plaintiff,** | §<br>§ | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **9:26-CV-00419-MJT-CLS** |
| | § | |
| **ALBERT J. CHARANZA, JR.,**<br>**DOUG CONN, and**<br>**JANET LEE REYNOLDS, f/k/a**<br>**JANET R. CASSELS,**<br>**Defendants.** | §<br>§<br>§<br>§ | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CONN'S MOTION TO DISMISS

## TABLE OF CONTENTS

I. INTRODUCTION .......... 2
II. RESPONSE TO STATEMENT OF THE ISSUES .......... 2
III. ARGUMENT .......... 2
A. This Motion Is Directed at a Superseded Pleading, and Its RICO Argument Is Moot .......... 2
B. In the Alternative, Count III Did Not Accrue, or Is Tolled, Until August 28, 2026 .......... 3
IV. CONCLUSION AND PRAYER .......... 4

## TABLE OF AUTHORITIES

**Cases**

*Borderlon v. Peck*, 661 S.W.2d 907 (Tex. 1983) .......... 4
*Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995) 2
*Holmberg v. Armbrecht*, 327 U.S. 392 (1946) 4
*Wallace v. Kato*, 549 U.S. 384 (2007) 3

**Statutes and Rules**

18 U.S.C. § 1962(c), (d) .......... 2
42 U.S.C. § 1983 .......... 2,3,4
Tex. Civ. Prac. & Rem. Code § 16.003 .......... 3
Fed. R. Civ. P. 15(a) .......... 2
E.D. Tex. Local Rule CV-7(a)(1) .......... 2

## I. INTRODUCTION

Defendant Conn's Motion to Dismiss (Dkt. 13) is directed entirely at Plaintiff's original Complaint (Dkt. 10), which named Conn as a defendant under Counts I and II (RICO, 18 U.S.C. § 1962(c),

(d)) and Count III (42 U.S.C. § 1983). Plaintiff's proposed First Amended Complaint ("FAC"), filed contemporaneously with Plaintiff's Motion for Leave to Amend, removes Defendant Conn from the RICO enterprise entirely and narrows Conn's exposure to Count III alone. Dkt. 13's entire RICO argument — the bulk of the motion — is therefore moot as to the operative pleading Plaintiff seeks leave to file. What remains is Dkt. 13's timeliness argument as to Count III, which the FAC answers with a fraudulent-concealment timeline that did not appear in the original Complaint. Plaintiff respectfully submits that the orderly course is to resolve the pending Motion for Leave to Amend first and deny Dkt. 13 as moot. In the alternative, and without waiving that request, Plaintiff shows below that Dkt. 13's surviving argument fails against the FAC.

## II. RESPONSE TO STATEMENT OF THE ISSUES

Pursuant to E.D. Tex. Local Rule CV-7(a)(1), Plaintiff responds to Defendant Conn's statement of the issues (Dkt. 13 at 2) as follows: (1) whether Stua's Section 1983 and RICO claims against Conn should be dismissed as untimely — the RICO claims are moot because the FAC removes Conn from Counts I and II, and the Section 1983 claim (Count III) is timely because it did not accrue, or is equitably tolled, until August 28, 2026; and (2) whether Stua has properly pled a RICO claim against Conn — moot, because the FAC no longer names Conn under Counts I or II.

## III. ARGUMENT

### A. This Motion Is Directed at a Superseded Pleading, and Its RICO Argument Is Moot

Rule 15(a)(2) directs that leave to amend be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The FAC narrows the RICO enterprise alleged in Counts I and II to Defendants Charanza and Reynolds only. FAC PP 27-38. Defendant Conn is named solely under Count III. FAC PP 37-39. Dkt. 13's entire Part IV.B — its argument that Stua fails to plead a valid RICO enterprise or conspiracy under *Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995) — accordingly has no bearing on the pleading actually before the Court once leave is granted. This Court should resolve the pending

Motion for Leave first and deny Dkt. 13 as moot. Plaintiff addresses the remaining, surviving argument below solely in the alternative.

**B. In the Alternative, Count III Did Not Accrue, or Is Tolled, Until August 28, 2026**

Dkt. 13 correctly states that Section 1983 borrows Texas's two-year personal-injury limitations period. Dkt. 13 at 3 (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); Tex. Civ. Prac. & Rem. Code § 16.003). Dkt. 13 does not, however, address the concealment timeline the FAC pleads, because that timeline is new to the amended pleading and rests on a document Plaintiff did not obtain until August 28, 2026 — after Dkt. 13 was filed.

The FAC alleges that Defendant Conn's January 3, 2019 report recommending revocation of Plaintiff's bond — the act underlying Count III — was part of the same common scheme alleged against Defendants Charanza and Reynolds: the suppression of Plaintiff's exercise of rights under the Texas Public Information Act. FAC PP 9-10, 13. Defendant Conn's own report, like the case-management notes described below, was never disclosed to Plaintiff as part of a coordinated suppression of the same underlying scheme Conn's report itself furthered: the retaliatory use of the criminal process to suppress Plaintiff's TPIA activity. Where co-conspirators act in furtherance of a single concealed scheme, the concealment of one may toll claims against all participants in that scheme. Cf. FAC PP 9-13 (common purpose and relationship alleged as to the scheme Conn's own report advanced). Independently, and without regard to any co-conspirator theory, Plaintiff pleads that the March 2021 and August 2021 case-management notes documenting the complaining witness's refusal to prosecute — notes that were never disclosed during the criminal proceeding, were not cured by the December 29, 2023 Nunc Pro Tunc filing, and were not produced to Plaintiff until August 28, 2026. FAC PP 22-27. Plaintiff's diligent, unbroken pursuit of that same information through two successive District Attorneys, described in the FAC, satisfies the diligence prong of fraudulent-concealment tolling. FAC PP 24-26.

Because the concealed facts bear directly on the bad-faith character of the retaliatory scheme in which Conn's own conduct is alleged to have participated, and because Plaintiff could not have discovered them through reasonable diligence before August 28, 2026, Count III did not accrue, or is equitably tolled, until that date. See *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). This is an independent basis for timeliness distinct from, and not addressed by, Dkt. 13's argument, which was necessarily directed only at the original Complaint's allegations; see also *Borderlon v. Peck*, 661 S.W.2d 907 (Tex. 1983).

## IV. CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Conn's Motion to Dismiss (Dkt. 13) as moot in light of the pending Motion for Leave to Amend, or, in the alternative, deny it on the merits set forth above, and grant Plaintiff such other and further relief to which he may be justly entitled.

Respectfully submitted,

David Ray Stua, Pro Se
4217 FM 2021
Lufkin, Texas 75904
(936) 707-3192
christian.tatum8@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2026, a true and correct copy of the foregoing was served on all counsel of record by electronic mail to Lane Haygood, counsel for Defendant Charanza, and Christopher Gilbert, counsel for Defendant Conn.

______________________________
David Ray Stua

*NOTE ON CERTIFICATE OF CONFERENCE: Under E.D. Tex. Local Rule CV-7(i), the "meet and confer" and "certificate of conference" requirements do not apply to pro se litigants. No certificate of conference is therefore required for this Motion. Plaintiff nonetheless advised counsel for both Defendants of his intent to file this Motion as a matter of professional courtesy.*