FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
OCT 01 2026
BY
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAVID RAY STUA,**<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | **CIVIL ACTION NO.** |
| | § | **9:26-CV-00419-MJT-CLS** |
| **ALBERT J. CHARANZA, JR., and**<br>**DOUG CONN,**<br>Defendants. | §<br>§<br>§ | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO STAY PROCEEDINGS IN PART (DKT. 19)**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff David Ray Stua, appearing pro se, replies to Defendant Albert J. Charanza, Jr.'s Response in Opposition (Dkt. 23).

## I. Correction, and withdrawal of the request for a stay.

Plaintiff's Motion for Leave (Dkt. 19) described his application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure as pending. That was inaccurate, and Plaintiff regrets the error. The application has been prepared but has not yet been filed. Plaintiff expects to file it in the 159th District Court in October 2026. Plaintiff therefore withdraws his request for a stay. As Charanza acknowledges, the Fifth Circuit's disposition of a claim that must await the *Heck* conditions "preserves everything a stay would preserve." Dkt. 23 at 17.

## II. Any claim the Court finds barred by *Heck* should receive the *Johnson* disposition, not a dismissal with prejudice.

Charanza argues that Count IV "has not yet accrued" (Dkt. 23 at 17, quoting FAC ¶ 46), and that the injury element of Counts I and II "requires a finding that counsel was ineffective at the plea" (*id.* at 16). The Fifth Circuit's "preferred order of dismissal" for such claims reads: "Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck*

conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007). Such dismissals "do not preclude a later claim meeting the preconditions for suit." *Johnson*, 101 F.3d at 424. Put simply, "a *Heck* dismissal is a dismissal without prejudice," and the Fifth Circuit "has repeatedly modified orders dismissing with prejudice cases that implicate a plaintiff's conviction to become dismissals without prejudice using *Johnson*'s preferred language." *Cook v. City of Tyler*, No. 19-40144, slip op. at 2 (5th Cir. Sept. 4, 2020) (per curiam) (citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

Plaintiff therefore does not oppose the *Johnson* disposition of Count IV, provided the order makes no determination of limitations or of the merits. Plaintiff maintains that the billing-fraud predicates of Counts I and II are collateral to his conviction. Dkt. 21 at 4. But Charanza cannot rely on *Heck* to defeat the loss-of-representation injury pleaded in those counts and then ask that the same theory be dismissed with prejudice. Dkt. 23 at 16, 20. To the extent the Court agrees that the theory is barred by *Heck*, it should receive the *Johnson* disposition, as should the corresponding counts of the Original Complaint under Charanza's Motion to Dismiss (Dkt. 16). On Charanza's remaining arguments concerning Counts I and II, Plaintiff stands on his Response (Dkt. 21).

**III. The Court need not reach Charanza's merits attack on Count IV, and it fails in any event.**

Because Count IV has not accrued, the Court need not decide Charanza's alternative argument that it pleads no state action. Dkt. 23 at 17–18. That argument rests on the premise that Charanza was "performing a lawyer's traditional functions." *Id.* at 17. But appointed counsel who conspires with state officials acts under color of state law. *Tower v. Glover*, 467 U.S. 914, 920, 923 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) ("It is enough that he is a willful participant in joint action with the State or its agents."). And one episode the FAC pleads is, by Charanza's own description, no part of a lawyer's traditional functions. The December 29, 2023

agreed motion with the prosecutor was "filed eighteen months after the representation ended." Dkt. 23 at 18. The Fifth Circuit has rejected conspiracy claims resting on "independent judgments and actions of the private attorney in the course of representing the defendant." *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Joint action with the prosecutor after the representation ended is not that. At this stage, Plaintiff need plead only "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and a pro se pleading is "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**IV. Neither limitations nor immunity forecloses the claim against Reynolds at this stage.**

*Limitations.* Charanza says a § 1983 claim against Reynolds "expired" in December 2025. Dkt. 23 at 19. But Count IV is a single conspiracy claim that, as pleaded and as Charanza treats it, would imply the invalidity of the conviction and "has not yet accrued." *Id.* at 17. A claim cannot expire before it accrues. Under *Heck*, "the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Relation back is therefore unnecessary.

*Immunity.* Charanza "does not undertake to brief defenses personal to" Reynolds. Dkt. 23 at 18. "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question," and "[t]he presumption is that qualified, rather than absolute, immunity is sufficient to protect government officials in the exercise of their duties." *Burns v. Reed*, 500 U.S. 478, 486–87 (1991). A court may resolve absolute immunity before reaching *Heck* "when feasible." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). It is not feasible here, because Reynolds has not appeared and immunity turns on function. "A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's

preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Plaintiff does not dispute that statements in open court are advocacy. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). But the FAC also pleads administrative conduct (FAC ¶ 45), including the December 29, 2023 agreed motion, which Charanza calls "a housekeeping filing." Dkt. 23 at 18. Immunity reaches administrative tasks "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Whether a filing made long after judgment, with no trial pending, meets that test should be decided on Reynolds's own motion after service.

## CONCLUSION

Plaintiff respectfully asks the Court to:

(1) grant leave to file the First Amended Complaint, conformed to Plaintiff's Notice of Voluntary Dismissal of Defendant Conn;

(2) if the Court concludes that Count IV, or any part of Counts I and II, is barred by *Heck*, dismiss those claims "with prejudice to their being asserted again until the *Heck* conditions are met," without any determination of limitations or the merits; and

(3) decline to decide limitations or immunity as to Reynolds, who is not yet a party.

Respectfully submitted,

David Ray Stua, Pro Se
4217 FM 2021
Lufkin, Texas 75904
(936) 707-3192
christian.tatum8@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 1st day of October, 2026, a true and correct copy of the foregoing Reply was served by electronic mail on Lane A. Haygood, Haygood Law Firm (haygoodlawfirm@gmail.com and lane@haygoodlawfirm.com), counsel for Defendant Albert J. Charanza, Jr., and on Christopher B. Gilbert, Thompson & Horton LLP (cgilbert@thompsonhorton.com), counsel for Defendant Doug Conn.

David Ray Stua