IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
NOV 03 2026
BY
DEPUTY

| | | |
|---|---|---|
| DAVID RAY STUA, | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 9:26-cv-00419-MJT-CLS |
| | § | |
| ALBERT J. CHARANZA, JR., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO APPEAR BY VIDEOCONFERENCE, WITH LIVE CAPTIONING, AT THE DECEMBER 2, 2026 CASE MANAGEMENT CONFERENCE

TO THE HONORABLE CHRISTINE L. STETSON, UNITED STATES MAGISTRATE JUDGE:

Plaintiff David Ray Stua, appearing pro se, respectfully asks for leave to attend the Rule 16 Case Management Conference set for December 2, 2026, at 10:00 a.m. (Dkt. 27) by videoconference, with live captioning. Defendant Albert J. Charanza, Jr. does not oppose this motion. Plaintiff does not ask to continue or reset the conference; he will attend on the date and at the time the Court set. In support, Plaintiff shows the following.

### I. BACKGROUND

1. The Court set a Rule 16 Case Management Conference for December 2, 2026, at 10:00 a.m., in Courtroom #4 of the Jack Brooks Federal Building, 300 Willow Street, Beaumont, Texas, and directed that all unrepresented parties "shall be present." Dkt. 27 at 1. Plaintiff recognizes that directive and asks the Court's leave to satisfy it by videoconference.

2. This is a Lufkin Division case, and Plaintiff lives in Lufkin. Ex. A ¶ 3. The case has been referred to the undersigned for pretrial management. Dkt. 5 at 1.

3. The Court granted Plaintiff leave to proceed in forma pauperis, finding that he meets the indigency requirements of 28 U.S.C. § 1915. Dkt. 5 at 1.

4. The parties held their Rule 26(f) conference by Zoom videoconference on November 2, 2026. With Zoom's live captions turned on, Plaintiff was able to follow the discussion and take part fully. Ex. A ¶ 5.

## II. RELIEF REQUESTED

5. Plaintiff asks the Court to permit him to attend the December 2 conference by videoconference, on Zoom or any other platform the Court uses, with live captioning available to him.

6. In the alternative, if the Court requires Plaintiff to attend in person, Plaintiff asks the Court to provide real-time captioning or another effective auxiliary aid for him in the courtroom during the conference.

## III. GROUNDS

### A. The Court has discretion to permit attendance by videoconference.

7. Rule 16 allows the Court to order "any unrepresented parties to appear for one or more pretrial conferences," Fed. R. Civ. P. 16(a), but it does not require that the appearance be in person. The December 2 conference will address the parties' proposed scheduling order. Dkt. 27 at 1–2. For a scheduling conference, the Advisory Committee has explained that the conference "may be held in person, by telephone, or by more sophisticated electronic means." Fed. R. Civ. P. 16 advisory committee's note to 2015 amendment (discussing Rule 16(b)). The Rule likewise allows a party to be "reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1). And the Rules are to be administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A captioned videoconference

allows the same direct, simultaneous exchange with the Court and counsel as attendance in the courtroom.

**B. Travel to Beaumont would be a financial hardship for an indigent plaintiff.**

8. The Beaumont courthouse is more than 100 miles from Lufkin, so attending in person requires a round trip of more than 200 miles. Ex. A ¶ 3. Plaintiff's only income is approximately $914 a month in Social Security benefits, and the vehicle he would drive gets about 13 miles per gallon. *Id.* ¶¶ 2–3. At that mileage, the round trip would use more than 15 gallons of fuel. At the current Texas average price of about $3.63 per gallon, that is roughly $55 or more, about six percent of Plaintiff's monthly income, for a single case-management conference. *See* AAA, *Gas Prices: Texas Average* (Nov. 3, 2026), https://gasprices.aaa.com/?state=TX.

**C. Captioned video is the most effective way for Plaintiff, who is hearing impaired, to take part.**

9. Plaintiff has a hearing impairment and uses hearing aids, and he is currently having problems getting his hearing aids to work. Ex. A ¶ 4. During the November 2 videoconference, live captions allowed him to follow and respond to what was said. *Id.* ¶ 5. Captioned video will let him take part in the December 2 conference as fully as any other participant.

10. Under the Judicial Conference's policy, a court "must provide sign language interpreters or other auxiliary aids and services to participants in federal judicial proceedings who are deaf, hearing impaired, or have communication disabilities," and "should honor a participant's choice of auxiliary aid or service" unless an exception applies. *Guide to Judiciary Policy*, Vol. 5, Ch. 2, § 255(a)–(b). Parties are "participants." *Id.*, Vol. 5, Ch. 1, § 140. Plaintiff's choice is captioning. On a videoconference it requires no interpreter, no courtroom equipment, and no added

expense. If the Court prefers that Plaintiff attend in person, the same policy supports the alternative relief requested in paragraph 6. *See id.*, Vol. 5, Ch. 2, § 255.20 (CART services).

**D. No party will be prejudiced.**

11. Defendant does not oppose this motion. The conference concerns scheduling and case management, not testimony or evidence. Plaintiff will join from a location with a reliable internet connection before 10:00 a.m., will test his audio, video, and captions in advance, and will keep his telephone available as a backup in case of a technical problem. Ex. A ¶ 6. Plaintiff is filing this motion four weeks before the conference so the Court has ample time to rule and, if it grants the motion, to arrange the connection.

## IV. CONCLUSION AND PRAYER

For these reasons, Plaintiff respectfully asks the Court to (1) grant him leave to attend the December 2, 2026 Case Management Conference by videoconference, with live captioning available to him, and direct that the connection information be provided to the parties before the conference; or (2) in the alternative, provide real-time captioning or another effective auxiliary aid for Plaintiff at the in-person conference; and (3) grant such other relief as is just.

Respectfully submitted,

David Ray Stua, pro se
4217 FM 2021
Lufkin, Texas 75904
(936) 707-3192
christian.tatum8@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of November, 2026, a true and correct copy of this motion, its Exhibit A, and the proposed order was served by electronic mail, to which counsel consented

in writing under Federal Rule of Civil Procedure 5(b)(2)(E), on Lane A. Haygood (lane@haygoodlawfirm.com, with a copy to lhaygood@kusklaw.com), counsel for Defendant Albert J. Charanza, Jr.

David Ray Stua

## CERTIFICATE OF CONFERENCE

Plaintiff conferred with Lane A. Haygood, counsel for Defendant, about this motion during the parties' Rule 26(f) videoconference on November 2, 2026. Mr. Haygood confirmed in writing that evening that Defendant does not oppose Plaintiff's request to appear remotely at the December 2, 2026 conference. This motion is therefore UNOPPOSED.

David Ray Stua